1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  SALLIE P. GIBSON, State Bar #172729
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-554-3946
6  Facsimile:     (415) 554-4248
   E-Mail:        sallie.gibson@sfgov.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  ANASTASIA MAXWELL,                    Case No. C07-5598EDL

14            Plaintiff,                  **DEFENDANT'S ANSWER TO
                                          COMPLAINT**
15       vs.

16  CITY AND COUNTY OF SAN
    FRANCISCO
17
              Defendant.
18

19

20

21

22

23

24

25

26

27

28

Defendant City and County of San Francisco ("Defendant") hereby responds to the complaint of Plaintiff Anastasia Maxwell ("Plaintiff") as follows:

1.    Responding to paragraph 1, Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations, if any, contained therein.

2.    Responding to paragraph 2, Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations, if any, contained therein.

3.    Responding to paragraph 3, Defendant admits the allegations contained therein.

4.    Responding to paragraph 4, Defendant admits the allegations contained therein.

5.    Responding to paragraph 5, Defendant admits the allegations contained therein.

6.    Responding to paragraph 6, Defendant denies the allegations contained therein.

7.    Responding to paragraph 7, Defendant denies the allegations contained therein.

8.    Responding to paragraph 8, Defendant admits that Plaintiff was terminated from her position on August 21, 2006.  Defendant denies the remaining allegations contained in said paragraph.

9.    Responding to paragraph 9, with respect to each subpart:

a.    Defendant is currently without sufficient knowledge or information to form a belief as to whether an Employee Conference Notification dated November 30, 2000 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

b.    Defendant is currently without sufficient knowledge or information to form a belief as to whether an Employee Conference Notification dated December 13, 2000 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

c.    Defendant is currently without sufficient knowledge or information to form a belief as to whether an Employee Conference Notification dated March 29, 2001 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

d.    Defendant admits an Employee Conference Notification dated April 26, 2001 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

e.  Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff made complaint(s) of discrimination on May 31, 2001, and on that basis denies each and every allegation contained therein;

f.  Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff made complaint(s) of discrimination on June 7, 2001, and on that basis denies each and every allegation contained therein;

g.  Defendant admits that it sent Plaintiff a letter dated July 18, 2001 regarding proposed discipline of her and scheduling a date for a Skelly meeting.  Defendant denies the remaining allegations in this subparagraph;

h.  Defendant admits that it sent Plaintiff a letter dated January 14, 2002 regarding her suspension.  Defendant denies the remaining allegations in this subparagraph;

i.  Defendant admits that it sent Plaintiff a notice dated January 14, 2002 regarding her suspension.  Defendant denies the remaining allegations in this subparagraph;

j.  Defendant admits an Employee Conference Notification dated June 26, 2002 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

k.  Defendant admits that Robert Majoulet made a written statement dated July 30, 2002 regarding Maxwell.  Defendant denies the remaining allegations in this subparagraph;

l.  Defendant admits an Employee Conference form dated July 31, 2002 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

m.  Defendant admits an Employee Conference Notification dated July 31, 2002 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

n.  Defendant admits that Manager Anthony Flores received a letter dated August 23, 2003 from Plaintiff's union representative. Defendant denies the remaining allegations in this subparagraph;

o.  Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff received an Employee Conference Notification dated September 23, 2002, and on that basis denies each and every allegation contained therein;

ANSWER TO COMPLT
CASE NO.  C07-5598EDL

3

n:\labor\li2007\080594\00456192.doc

p.  Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff received a Recommendation for Disciplinary Action dated September 30, 2002, and on that basis denies each and every allegation contained therein;

q.  Defendant admits a Letter of Instruction dated November 25, 2002 was issued to Plaintiff.  Defendant denies the remaining allegations in this subparagraph;

r.  Defendant admits a Letter of Instruction dated May 15, 2003 was issued to Plaintiff. Defendant denies the remaining allegations in this subparagraph;

s.  Defendant admits that it sent Plaintiff a letter dated November 12, 2003 regarding proposed discipline of her and scheduling a date for a Skelly meeting.  Defendant denies the remaining allegations in this subparagraph;

t.  Defendant admits that it sent Plaintiff a letter dated December 23, 2003 regarding a Notice of Disciplinary Action.  Defendant denies the remaining allegations in this subparagraph;

u.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this sub-paragraph, and on that basis denies each and every allegation contained therein;

v.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this sub-paragraph, and on that basis denies each and every allegation contained therein;

w.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this sub-paragraph, and on that basis denies each and every allegation contained therein;

x.  Defendant admits that it sent Plaintiff a letter dated August 25, 2004 regarding a Notice of Discipline and Employee Conference Skelly Meeting.  Defendant denies the remaining allegations in this subparagraph;

1
2
3

        y.  Defendant admits that it sent Plaintiff a letter dated October 12, 2004 notifying her it was suspending her for 20 days.  Defendant denies the remaining allegations in this subparagraph;

4

     10.    Responding to paragraph 10, Defendant denies the allegations contained therein.

5
6
7

     11.    Responding to paragraph 11, Defendant responds that that paragraph contains allegations as to the amount of damages sustained to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations contained therein.

8
9

     12.    Responding to paragraph 12 (misnumbered as paragraph "10"), Defendant denies the allegations contained therein.

10
11

     13.    Responding to paragraph 13 (misnumbered as paragraph 11) Defendant incorporates by reference it responses to paragraphs 1-12 above.

12
13
14
15

     14.    Responding to paragraph 14 (misnumbered as paragraph 12), Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations, if any, contained therein.

16
17

     15.    Responding to paragraph 15 (misnumbered as paragraph 13), Defendant admits the allegations contained therein.

18
19

     16.    Responding to paragraph 16 (misnumbered as paragraph 14), Defendant denies the allegations contained therein.

20
21

     17.    Responding to paragraph 17 (misnumbered as paragraph 15), Defendant denies the allegations contained therein.

22
23
24
25

     18.    Responding to paragraph 18 (misnumbered as paragraph 16 ), Defendant responds that that paragraph contains allegations as to the amount of damages sustained to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations contained therein.

26
27

     19.    Responding to paragraph 19 (misnumbered as paragraph 17), Defendant denies the allegations contained therein.

28

20.    Responding to paragraph 20 (misnumbered as paragraph 18), Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") or received a right-to-sue notice from the DFEH.  Defendant denies the remaining allegations in this paragraph.

21.    Responding to paragraph 21 (misnumbered as paragraph 19), Defendant incorporates by reference it responses to paragraphs 1-20 above.

22.    Responding to paragraph 22 (misnumbered as paragraph 20), Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations, if any, contained therein.

23.    Responding to paragraph 23 (misnumbered as paragraph 21), Defendant admits the allegations contained therein.

24.    Responding to paragraph 24 (misnumbered as paragraph 22), Defendant denies the allegations contained therein.

25.    Responding to paragraph 25 (misnumbered as paragraph 23), Defendant denies the allegations contained therein.

26.    Responding to paragraph 26 (misnumbered as paragraph 24), Defendant responds that that paragraph contains allegations as to the amount of damages sustained to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations contained therein.

27.    Responding to paragraph 27 (misnumbered as paragraph 25), Defendant denies the allegations contained therein.

28.    Responding to paragraph 28 (misnumbered as paragraph 26), Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") or received a right-to-sue notice from the DFEH.  Defendant denies the remaining allegations in this paragraph.

29.    Responding to paragraph 29 (misnumbered as paragraph 27), Defendant incorporates by reference it responses to paragraphs 1-28 above.

30.     Responding to paragraph 30 (misnumbered as paragraph 28), Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations, if any, contained therein.

31.     Responding to paragraph 31 (misnumbered as paragraph 29), Defendant admits that Plaintiff was an employee of Defendant.  Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff "associated" with a person complaining of violations of Government Code Section 12940 *et seq.* Defendant denies the remaining allegations in this paragraph.

32.     Responding to paragraph 32 (misnumbered as paragraph 30), Defendant denies the allegations contained therein.

33.     Responding to paragraph 33 (misnumbered as paragraph 31), Defendant denies the allegations contained therein.

34.     Responding to paragraph 34 (misnumbered as paragraph 32), Defendant responds that that paragraph contains allegations as to the amount of damages sustained to which Defendant is not required to and does not respond, and that Defendant denies the remaining factual allegations contained therein.

35.     Responding to paragraph 35 (misnumbered as paragraph 33), Defendant denies the allegations contained therein.

36.     Responding to paragraph 36 (misnumbered as paragraph 34), Defendant is currently without sufficient knowledge or information to form a belief as to whether Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") or received a right-to-sue notice from the DFEH.  Defendant denies the remaining allegations in this paragraph.

37.     Responding to paragraph 37 (misnumbered as paragraph 35), Defendant incorporates by reference it responses to paragraphs 1-36 above.

38.     Responding to paragraph 38 (misnumbered as paragraph 36), Defendant responds that that paragraph contains legal assertions, conclusions and characterizations to which Defendant is not

1    required to and does not respond, and that Defendant denies the remaining factual allegations, if any,

2    contained therein.

3           39.     Responding to paragraph 39 (misnumbered as paragraph 37), Defendant admits the

4    allegations contained therein.

5           40.     Responding to paragraph 40 (misnumbered as paragraph 38), Defendant denies the

6    allegations contained therein.

7           41.     Responding to paragraph 41 (misnumbered as paragraph 39), Defendant responds that

8    that paragraph contains allegations as to the amount of damages sustained to which Defendant is not

9    required to and does not respond, and that Defendant denies the remaining factual allegations

10   contained therein.

11          42.     Responding to paragraph 42 (misnumbered as paragraph 40), Defendant denies the

12   allegations contained therein.

13          43.     Defendant is currently without sufficient knowledge or information to form a belief as

14   to whether Plaintiff filed an administrative charge with the Department of Fair Employment and

15   Housing ("DFEH") or received a right-to-sue notice from the DFEH.  Defendant denies the remaining

16   allegations in this paragraph.

17   **FIRST AFFIRMATIVE DEFENSE**

18         As a First Separate and Affirmative Defense to the Complaint and to each and every

19   allegation contained therein, Defendant alleges that the Complaint, and each and every allegation

20   contained therein, whether considered singly or in combination, fails to state a claim upon which

21   relief can be granted.

22   **SECOND AFFIRMATIVE DEFENSE**

23         As a Second Separate and Affirmative Defense to the Complaint and to each and every

24   allegation contained therein, Defendant alleges that the Complaint and each and every claim set forth

25   therein is barred by the applicable statute of limitations.

26   **THIRD AFFIRMATIVE DEFENSE**

27

28

As a Third Separate and Affirmative Defense, Defendant alleges that Plaintiff failed (1) to exhaust her administrative and/or contractual remedies, and/or (2) to satisfy other jurisdictional and/or procedural prerequisites prior to filing suit.

### FOURTH AFFIRMATIVE DEFENSE

As a Fourth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that Plaintiff has failed to mitigate her damages, if any, as required by law.

### FIFTH AFFIRMATIVE DEFENSE

As a Fifth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that this action and each and every claim therein alleged is barred by the doctrine of res judicata and/or collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

As a Sixth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that the Complaint is barred by the doctrine of estoppel, laches, unclean hands, or that by his own conduct Plaintiff has waived any right to recovery.

### SEVENTH AFFIRMATIVE DEFENSE

As a Seventh Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times and places alleged, Defendant acted without malice and with a good faith belief in the propriety of its conduct.

### EIGHTH AFFIRMATIVE DEFENSE

As an Eight Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times and places alleged, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

As a Ninth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that at all times material herein, its conduct was privileged and/or justified under applicable law.

### TENTH AFFIRMATIVE DEFENSE

As a Tenth Separate and Affirmative Defense to the Complaint, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an Eleventh Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that there are alternative adequate legal remedies available to Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

As a Twelfth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendant to an award of attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a Thirteenth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant alleges that it is entitled to a setoff from Plaintiff's damages, if any.

WHEREFORE, Defendant prays that Plaintiff take nothing by her Complaint herein, that Plaintiff's Complaint be dismissed forthwith, and for the following:

1.    For costs of suit herein;

2.    For reasonable attorneys' fees; and

3.    For any such other relief as the Court deems just and proper.

Dated:  December 19, 2007

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
SALLIE P. GIBSON
Deputy City Attorney


By:  ____/s/ Sallie P. Gibson_____
SALLIE P. GIBSON

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO