CURTIS G. OLER (Bar No. 63689)
LAW OFFICES OF CURTIS G. OLER
Post Office Box 15083
San Francisco, California 84115
Telephone: 415 346-8015
Facsimile: 415 346-8238

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANASTASIA MAXWELL, ) | NO.  C07-5598-EDL |
| Plaintiff, ) | PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT |
| VS. ) | |
| CITY AND COUNTY OF SAN FRANCISCO, ) | Date: March 11, 2008<br>Time: 2:00 P.M.<br>Ctrm: 2, 4th Fl. 1301 Clay, Oakland |
| Defendant. ) | |

Plaintiff's undersigned counsel has been unsuccessful in arranging for the preparation of the joint case management conference statement with defendant's counsel, and therefore, presents her case management conference statement as follows:

1. JURISDICTION AND SERVICE

Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. Section 1331 to enforce the provisions of 42 U.S.C. Section 1981 and attendant jurisdiction of claims brought pursuant to the California Fair Employment and Housing Act, Government Code Section 12900, *et seq*.

There are no parties that remain to be served.

2. FACTS

Plaintiff's Case Management Conference Statement        1

Notwithstanding such excellent performance, Plaintiff was subjected to a continuing pattern of unlawful discriminatory employment practices culminating in the termination of her employment without cause or justification on or about August 21, 2006.

Said actions and conduct also included, but were not limited to:

a. November 30, 2000 - Unwarranted Employee Conference Notification dated November 30, 2000

b. December 13, 2000 - Unwarranted Employee Conference Notification dated December 13, 2000

c. March 29, 2001 - Unwarranted Employee Conference Notification dated March 29, 2001

d. April 26, 2001 - Unwarranted Employee Conference Notification dated April 26, 2001

e. May 31, 2001 - Plaintiff's complaints of discrimination dated May 31, 2001

f. June 7, 2001 - Plaintiff's complaints of discrimination dated June 7, 2001

g. July 18, 2001 - Unwarranted Letter to Plaintiff re: Notice of Proposed Discipline and Skelly Meeting dated July 18, 2001

h. January 14, 2002 - Unwarranted Letter to Plaintiff re: Notice of Suspension

I. January 14, 2002 - Unwarranted Notice of Disciplinary Action

j. June 26, 2002 - Unwarranted Employee Conference Form

k. July 30, 2002 - False Statement of Robert Marjolet

l. July 31, 2002 - Unwarranted Employee Disciplinary Conference Form

m. July 31, 2002 - Unwarranted Employee Conference Notification

n. August 23, 2002 - Complaint to Anthony Flores

o. September 23, 2002 - Unwarranted Employee Conference Notification

p. September 30, 2002 - Unwarranted Recommendation for Disciplinary Action

q. November 25, 2002 - Unwarranted Letter of Instruction

r. May 15, 2003 - Unwarranted Letter of Instruction

    s.  November 12, 2003 - Unwarranted Notice of Proposed Discipline and Employee Conference/Skelly Meeting

    t.  December 23, 2003 - Unwarranted Notice of Disciplinary Action

    u.  March 6, 2004 - Unwarranted Fact Finding Rescheduling

    v.  March 19, 2004 - Unwarranted Fact Finding Notification

    w.  May 20, 2004 - Unwarranted Notice of Proposed Discipline and Employee Conference/Skelly Meeting

    x.  August 25, 2004 - Unwarranted Notice of Proposed Discipline and Employee Conference/Skelly Meeting

    y.  October 12, 2004 - Unwarranted Suspension of for "Insubordination, Inattention to Duty, Dishonesty and Mistreatment of Persons."

Finally on August 21, 2006, Plaintiff was terminated from employment based upon false and fabricated charges of misconduct and dishonesty.

3. LEGAL ISSUES

    a.  Whether Plaintiff was subjected to a continuing pattern of unlawful discriminatory employment practices resulting in the termination of her employment on account of her race, color and national origin, sex, in retaliation against her because of her continued protests of unlawful discriminatory employment practices against her and harassment of her?

4. MOTIONS

    No motions are perceived at this time.

5. AMENDMENT OF PLEADINGS

    No amendment of pleadings are anticipated

6. EVIDENCE PRESERVATION

    Plaintiff has taken steps to preserve relevant evidence.

7. DISCLOSURES

    Plaintiff continues to marshal and documents for and will shortly make initial disclosure

pursuant to Federal Rules Civil Procedure, Rule 26.

8. DISCOVERY

Plaintiff anticipates propounding interrogatories, request for production of documents and requests for admissions, to defendant. Plaintiff also anticipates taking not less than four depositions. Plaintiff anticipates completing this discovery by September 1, 2008.

9. CLASS ACTIONS

This is not a class action.

10. RELATED CASES

There are no related cases pending in this court.

11. RELIEF

Plaintiff seeks:

1. Declaratory relief,
2. Injunctive relief,
3. Damages for all earnings lost, including future earnings loss and for loss of related employment benefits;
4. Reinstatement of Plaintiff to her said position or to a position commensurate with her skills and abilities without loss of pay, seniority or rank;
5. Award Plaintiff damages for lost career and employment opportunities;
6. Order that all negative material be removed from Plaintiff's personnel file or any other files or records maintained in connection with Plaintiff's employment;
7. Award Plaintiff damages for severe psychological harm in an amount to be proven at trial;
8. Award Plaintiff punitive damages in an amount commensurate with harm caused to Plaintiff and Defendant's financial ability;
9. Award Plaintiff costs of suit; and
10. Grant Plaintiff reasonable attorney's fees.

12. SETTLEMENT AND ADR

    No settlement discussions have been undertaken by the parties, however, plaintiff is amenable to such and mediation herein.

13. CONSENT TO A MAGISTRATE

    Plaintiff does not consent to an assignment to a magistrate herein.

14. OTHER REFERENCES

    No further reference appears necessary.

15. NARROWING OF ISSUES

    Attempting to narrow issues at this time is not feasible.

16. EXPEDITED SCHEDULE

    At this time there appears to be no need for an expedited schedule.

17. SCHEDULING:

    Plaintiff proposes discovery cut off for September 1, 2008 for non expert discovery, expert discovery closing date October 1, 2008, completion of discovery from experts November 1, 2008, trial date March 2009. Plaintiff anticipates the trial will last 5 - 7 full court days.

18. TRIAL

    Plaintiff requests a trial date March 2009. Plaintiff anticipates the trial will last 5 - 7 full court days.

19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

    None

20. OTHER MATTERS

    None

Dated March 5, 2008                          /s/ Curtis G. Oler

                                                                                                  _____
                                                                                                     CURTIS G. OLER
                                                                                                     Attorney for Plaintiff