1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  SALLIE P. GIBSON, State Bar #172729
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-554-3946
6  Facsimile:     (415) 554-4248
   E-Mail:        sallie.gibson@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANASTASIA MAXWELL, | Case No. C07-5598EDL |
|---|---|
| Plaintiff, | DEFENDANT'S CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO | Hearing Date: March 11, 2008<br>Time: 2:00 p.m.<br>Place: Ctrm 2, 1301 Clay, Oakland |
| Defendant. | |

Defendant City and County of San Francisco (the "City") submits this Case Management Conference Statement in preparation for the Case Management Conference ("CMC") scheduled for Tuesday, March 11, 2008 at 2:00 p.m. Plaintiff's counsel did contact defense counsel on Monday, March 3, 2008 regarding the possible submission of a joint statement. Regrettably, defense counsel has been in the midst of trial preparation.

## DESCRIPTION OF THE CASE

**1.    Jurisdiction and Service**

Because the is action is brought under 42 U.S.C. § 1981, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The only defendant in this action, the City, has been served with the complaint.

**2.    Facts**

This is an employment case. Plaintiff Anastasia Maxwell ("Maxwell") was an employee of the City and County of San Francisco (the "City"). In August 2000, Maxwell began work as an Apprentice Plumber with the City's Public Utilities Commission. On August 21, 2006, Maxwell was terminated from her position for theft of copper. During her years as an employee at PUC Maxwell had a lengthy disciplinary record.

Recently, an arbitrator reinstated Maxwell to her position, imposing instead an 18-month suspension.

In this lawsuit, Maxwell contends that her termination, and other disciplinary acts imposed on her, were discriminatory based on her race, color and national origin and in retaliation against her for complaining in violation 42 U.S.C. § 1981. Plaintiff also contends that the alleged conduct violated the Fair Employment and Housing Act (FEHA) and was discriminatory based on race, color, national origin, and sex, and was retaliatory against her.

The City contends it had legitimate, non-discriminatory reasons for its conduct toward Maxwell.

**3.    Legal Issues:**

(a)    whether the City can establish that its reasons for terminating Maxwell and for imposing other discipline were legitimate and non-discriminatory.

(b)     whether Maxwell can establish that the City's reasons for its conduct were untrue or pretextual.

(c)     whether Maxwell can establish *Monell* liability.

**4.     Motions**

There are no prior or currently pending motions in this action. The City anticipates brining a summary judgment motion.

**5.     Amendment of Pleadings**

The City proposes that the last day to amend pleadings be Friday, June 6, 2008

**6.     Evidence Preservation**

Counsel for the City has advised the City of its duty to preserve evidence relevant to this action.

**7.     Disclosures**

The City will exchange initial disclosures forthwith.

**8.     Discovery**

The City intends to propound interrogatories and documents requests as well as other possible written discovery. The City will also take the deposition of Ms. Maxwell and possibility three to four other witnesses.

The City also intends to employ expert witness depending on the damages Ms. Maxwell contends she suffered due to the alleged wrongdoing of the City.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

As discussed above, Ms. Maxwell grieved her termination pursuant to her rights under her union contract. An arbitrator recently reinstated Ms. Maxwell, imposing an 18-month suspension.

**11.    Relief**

See plaintiff's case management conference statement.

**12.    Settlement and ADR**

The City would be willing to submit this matter to Early Neutral Evaluation.

**13.   Consent to Magistrate Judge**

Plaintiff previously declined to consent to the jurisdiction of a Magistrate Judge.

**14.   Other Referrals**

The parties do not request any other referrals at this time.

**15.   Narrowing of Issues**

As discussed above, the City plans to bring a summary judgment, or in the alternative summary adjudication motion, in hopes of dismissing the action or narrowing the issues prior to trial.

**16.   Expedited Schedule**

Defendant agrees with Plaintiff that at this time there appears to be no need for an expedited schedule.

**17.   Scheduling**

The City proposes the following pre-trial deadlines. As compared to Plaintiff's schedule, the City requests that an additional month be added in for the completion of discovery, as counsel is currently short-handed 4 attorneys due to maternity leaves:

| Event | Date |
| --- | --- |
| Completion of non-expert discovery | 10/03/08 |
| Last day to serve and file dispositive motions | 10/30/08 |
| Last day to hear dispositive motions | 12/04/08 |
| Last day to designate experts and produce expert reports | 1/09/09 |
| Last day to designate rebuttal experts and produce supplemental reports | 2/13/09 |
| Expert discovery cut-off | 2/27/09 |
| Pretrial conference | 3/24/09 |
| Trial | 4/14/09 |

As discussed above, the City requests that the Court vacate all scheduled dates subsequent to the summary judgment hearing deadline until the state court renders its final judgment on the issues before it in the related state court action.

**18.   Trial**

The anticipated length of trial is 7-9 days.

**19.     Disclosure of Non-party Interested Entities or Persons**

As a government entity, the City is exempt from this requirement under Local Rule 3-16(a).

**Other Matters**

None at this time.

Dated:  March 7, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
SALLIE P. GIBSON
Deputy City Attorney


By:   /s/ Sallie P. Gibson
         SALLIE P. GIBSON

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO